IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03089–KMT

JOHN J. HARAKAL,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

**ORDER**

---

This case comes before the court on review of the Commissioner's denial of Plaintiff John J. Harakal's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act ("the Act"). Jurisdiction is proper under 42 U.S.C. § 405(g) and 1383(c).

**PROCEDURAL BACKGROUND**

Plaintiff seeks DIB and SSI for an alleged disability beginning in August 2009 (*see* Doc. No. 10, Social Security Administrative Record ("AR") at 144, 154). Following a hearing, the Administrative Law Judge ("ALJ") found Plaintiff had failed to establish that he was disabled, as defined by the Act, at any time after August 2009 (AR at 26). The Appeals Council denied Plaintiff's request for review (AR at 1), making the ALJ's decision the final decision of the

Commissioner for purposes of judicial review. 20 C.F.R. §§ 404.981, 422.210(a). Plaintiff timely sought review by this Court.

## STATUTORY AND REGULATORY BACKGROUND

Titles II and XVI of the Act provide for the award of disability benefits to claimants who meet certain eligibility requirements. *See* 42 U.S.C. §§ 423, 1381. For DIB, a claimant must meet the insured status requirements, be under retirement age, and have a "disability." *See* 42 U.S.C. § 423(a). For SSI, a claimant must have limited income and resources and have a "disability." *See* 42 U.S.C. § 1382(a). The claimant bears the burden of proving he has a disability, which the Act defines as the inability to work at substantial gainful levels by reason of a severe physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d); *see also Barnhart v. Walton*, 535 U.S. 212, 214-15 (2002). In determining disability, the adjudicator considers, as relevant here, whether a claimant meets or medically equals the criteria of certain listed impairments that the agency considers per se severe enough to prevent an individual from doing any gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); *see also* 20 C.F.R. § 404.1525(a).

## STANDARD OF REVIEW

This appeal is based upon the administrative record and briefs submitted by the parties. (AR; Opening Br.; Resp. Br.; Reply Br.)

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

    1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

>    2.   The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>    3.   The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>    4.   If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>    5.   If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(a)(4)(i)-(v). *See also Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F. Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v.*

*Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). However, the court may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Thompson*, 987 F.2d at 1487.

## ANALYSIS

Plaintiff argues that, at step three, the ALJ failed properly to evaluate Plaintiff under the Medical Listings contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Opening Br. at 9-20.) Plaintiff primarily argues that the ALJ erred in failing to give the opinion of his treating psychiatrist, Dr. Wylie, controlling weight. (Opening Br. at 10-17.)

When an ALJ is considering a treating physician's opinion, the ALJ is required to "give good reasons in the notice of determination or decision for the weight assigned to a treating physician's opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal quotation marks and alteration omitted). These reasons must be specific and legitimate. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). This requires a level of specificity that is sufficient "to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Watkins*, 350 F.3d at 1300 (internal quotation marks omitted). In the absence of these reasons, the court cannot determine if there is relevant evidence that adequately supports the ALJ's conclusion or if the ALJ even applied the proper legal standard to arrive at that conclusion. *Clifton v. Chater*, 79 F.3d 1007,

1009 (10th Cir.1996). Thus, where an ALJ has failed to articulate these reasons, the case must be remanded. *See id.*; *Watkins*, 350 F.3d at 1301. "[The court] cannot simply presume the ALJ applied the correct legal standards," and "cannot meaningfully review the ALJ's determination absent findings explaining the weight assigned to the treating physician's opinion." *Watkins*, 350 F.3d at 1301.

An ALJ should "[g]enerally . . .give more weight to opinions from [claimant's] treating sources." 20 C.F.R. § 404.1527(d)(2). In his decision, the ALJ states only that, "while the undersigned appreciates the effort of Dr. Wiley to attend the hearing and testify on behalf of his patient, the undersigned finds no support in his opinion . . . ." (AR at 21.) The ALJ provided no guidance as to what weight was actually assigned to Dr. Wylie's opinion. It can perhaps be inferred that the ALJ entirely rejected it. However, the ALJ specifically failed to indicate why Dr. Wylie's opinion did not receive controlling weight, failed to specify what weight, if any, was given to Dr. Wylie's opinion, and failed to explain the reasons for either assigning the opinion little weight or rejecting it altogether. Thus, this court "cannot simply presume the ALJ applied the correct legal standards." *Robinson*, 366 F.3d at 1083.

The court concludes that the ALJ erred in failing to properly determine the weight ultimately assigned to Plaintiff's treating physician's opinions. *See Watkins*, 350 F.3d at 1301. Accordingly, the case must be remanded. *See id.* Moreover, the court need not reach Plaintiff's remaining arguments because they may be affected by the ALJ's treatment of the case on remand. *See Robinson*, 366 F.3d at 1085.

Accordingly, it is

**ORDERED** that the Commissioner's decision is **REVERSED** and this case is **REMANDED** to the Commissioner for rehearing in accordance with this Order.  It is further

**ORDERED** that Plaintiff is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated this 25th day of March, 2015.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge